J. K. & W. H. GILCREST, *et al.*, Appellants, v. F. C. McCARTNEY, *et al.*

**Paving Assessment:** CONSTRUCTION OF STATUTE. Acts Twenty-fifth General Assembly, chapter 7, section 2, provides that paving may be arranged for, by one or more contracts for all the work, or for separate sections. Section 20 provides, that all, or part of a street may be paved, and that, when such action will allow the just proportion of the entire cost to be assessed, uniformly, to each abuting front foot, the cost of the whole, or any part of the improvement included in any contract, may be levied at one time, and under one plat and notice. *Held* these statutes do not prevent the assessment board from levying different amounts, upon different front feet, abutting upon different parts of the paving, if a just proportion of the entire cost is assessed uniformly, though all the work is done under a single contract.

*Appeal from Polk District Court.*—HON. W. A. SPURRIER, Judge.

SATURDAY, FEBRUARY 1, 1896.

THE plaintiffs are owners of lots abutting on West Locust street, in the city of Des Moines. The defendants are members of the city council of said city, and the clerk thereof, and as such members, they constitute a board, for the assessment of property for public improvements, in said city. In June, 1894, the board of public works of said city, entered into a contract, with the Des Moines Brick Manufacturing Company, to pave West Locust street, from the east line of Tenth street, to the west line of the alley, in block 47, of J. Lyon's addition, and to pay therefor one dollar and thirty-nine cents per square yard. The street was paved, in pursuance of the contract, and the defendants, as the board of assessors, made the assessment for the improvement in two parts, by assessing

the owners of lots from "east line of Tenth street, to one-half of Twelfth street," at the rate of four dollars and seventy-seven cents per front foot, and from the one-half of Twelfth street, west, at the rate of three dollars and seven cents per front foot. The petition shows that, because of this division in making the assessment, there is assessed, east of Twelfth street, one dollar and seventy cents more per foot front than there is west of Twelfth street, and because of such proceeding it is said that the board has exceeded its jurisdiction, and is acting illegally, and a writ of *certiorari* is asked, which issued, and also an order restraining proceedings on the part of the board. The board made its return to the district court, showing that the contract for the paving was made, as alleged in the petition; that the assessment was in two parts, as therein alleged; that in making such assessments separate plats were filed with the city clerk; that the line of street included in the contract is "in fact, and substantially, two different streets," having entirely different width between the curb lines; that said street, from West Tenth street to West Twelfth street is, in fact, forty-two feet between the curb lines, and west of Twelfth street, only thirty-four feet between the curb lines. The return shows other facts, not important to be noted. The cause was submitted on the petition return, a demurrer to the petition, and a motion to dissolve the injunction, or restraining order, and the district court sustained both the demurrer and motion, and dismissed the petition. The plaintiffs appealed.—*Affirmed.*

*Bishop, Bowen & Fleming* and *Barcroft & McCaughan* for appellants.

*J. K. Macomber, Guernsey & Bailey,* and *C. H. Sweeney* for appellees.

GRANGER, J.—The authority of the city council to
make the improvement and assess the cost to the
abutting property is found in chapter 7, Acts Twenty-
fifth General Assembly. Section 10 of the act provides:
"When any such improvement shall have been com-
pleted it shall be the duty of the council to ascertain
the cost of the improvement, and also what portion of
such cost may be by law assessable on abutting or
adjacent property, and the portion of such costs so
assessable shall then be assessed as provided by law, or
by ordinance of such city, upon the property fronting
or abutting on, or adjacent to said improvement."
Appellants' complaint of the action of the board in
making the assessment, or the matter wherein the
board is claimed to have acted illegally, is stated in
the following language: "The error, if any, was in
dividing the entire work embraced in the entire con-
tract, for the purpose of assessment only into two
sections, and assessing the front feet in them at differ-
ent rates, instead of assessing the entire cost to the
entire length, assessing uniformly each front foot of
the lots abutting on the paving." The claim of error
or illegality in the assessment is based on section
20 of the act, which will be cited hereafter. The
section is somewhat difficult of construction. Appel-
lants urge that the meaning of the section is that the
assessment must be "uniformly to each front foot, or
square foot in area," throughout the entire length of
the improvement. Appellees attach importance to the
words, "just and true proportion of the entire cost,"
and argue, in effect, that the words so modify the other
language of the section as to justify different assess-
ments of the entire work, so as to impose on each lot
its just and true proportion of the cost. The record pre-
sents an ordinance of the city regarding such improve-
ments, but its provisions do not appear important

to the question before us, and nothing is claimed because of it.  It in terms provides for the assessment of the costs of such improvements to the owners of abutting property.  Section 2 of the acts cited, provides that:  "When the council of any such city shall direct the paving of any street, or streets,  *  *  *  such council, or the board of public works, in case such board shall exist, shall make and enter into contracts, for furnishing labor and material  *  *  *  either for the entire work in one contract, or for parts thereof in separate and specified sections, as to them may seem best."  In this connection we quote section 20 of the act, as the two sections are closely related to the question we are to consider.  It is as follows:  "Section 20.  Any part of any street, or streets, may be improved under this act, as well as an entire street, or streets, and the cost of the whole, or any part of the improvement included in any resolution or contract, or contracts, may be levied at one time and under one plat and notice, when such action will allow the just and true proportion of the entire cost to be assessed uniformly to each front foot, or square foot area, of the lots or lands abutting on, or adjacent to such improvement."

It should be borne in mind that, to sustain apellants' claim as to the illegality of the proceedings of the board, the requirements of the law must be absolute, that the assessment must be uniform as to each front foot throughout the entire improvement.  If the board had a discretion, there is no claim that it was so exercised as to render its acts illegal.  Appellants' claim is based on the absolute requirement of the law. We do not understand appellants to claim but that the board could have improved the street for the length that it did, and have done it under two contracts, so as to have made the same division in the line as was made in the assessment.  Section 2 of

the act, in terms permits the board to exercise its discretion as to making improvements by awarding such contracts in specified sections. If this is true, there is nothing, in the fact that the entire length was improved at one time, that gives the right to have the assessment uniform throughout, but the fact that it was done under one contract. It seems to be appellants' view that what is done under one contract is an "improvement," within the meaning of the section; and the assessment is "to be to each front foot * * * abutting on or adjacent to such improvement." It is said, in argument, "the contract is not divisible." This means that an assessment of work done under one contract is not divisible. In fact, that is especially claimed. It will be seen that one contract may include different streets. At least, there is nothing to prohibit a contract for paving several streets, and the law in terms provides for the levy of the cost at one time and under one plat and notice, when that method will allow the entire cost to be assessed uniformly. It will also be seen that an "improvement" may consist of more than one contract, for it is said that "the cost of the whole, or any part of the improvement included in any * * * contract, or contracts, may be levied at one time." Again, it appears that "any part of the improvement included in any * * * contract * * * may be levied at one time," etc. Neither of these, however, is permitted, unless it can be done so as to allow the just and true proportion of the entire cost of the improvement to be assessed uniformly. We think it clearly appears that the term "improvement" is not, at all times, what is included in a contract, but that it may embrace two or more contracts, or it may be a part of what is included in a contract. This must be so where different streets are improved under one contract, for the lots against which the assessments are to be made would not abut on, or be

adjacent to the improvement on both streets, and they must so abut or be adjacent, to be subject to the assessment. We think the claim that a contract for such an improvement is not divisible for purposes of assessment, cannot be sustained. Stress is placed on the words, "the entire cost to be assessed uniformly." These words are immediately preceded by the words "just and true proportion of," and it seems to us that appellants' construction renders these last words nugatory. Appellants' view is certainly better sustained without than with them. The limitation, as to levying the cost, applies as much to the whole as to part of the improvement; that is, that way is prohibited that will not permit the just and true proportion of the entire cost to be assessed uniformly. In view of the different provisions of the act, we think that a contract may embrace more than one improvement for purposes of assessment, when, to treat it otherwise, would defeat the levy of the costs in just and true proportions. The act seems to invest the board with the determination of what is a just and due proportion of the costs, and we are of the opinion that, to meet such requirement, whether the contract embraces work on one or more streets, the board may so divide it for the purposes of assessment as, in the exercise of a sound discretion, may seem necessary to attain such an end. With it settled that the board may so divide the work for the purpose of assessment, the mere fact that, in making the division, it erred in judgment, if such a fact could be found, would not constitute an illegality, for which its acts could be avoided in this proceeding. The judgment is AFFIRMED.

GIVEN, J., took no part in this case.